IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LARRY EDWIN PATTERSON,**

    Petitioner,

v.                                                                                      Civil Action No. **3:10CV539**

**GENE M. JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Larry Edwin Patterson, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging the execution of his sentence and his 1992 criminal conviction. Specifically, Patterson asserted that he was entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | Respondent violated the *Ex Post Facto* Clause[1] by cancelling a portion of Patterson's Good Conduct Allowance ("GCA") credits, which increased the quantum of time Patterson is required to serve. |
| Claim Two | Respondent violated the *Ex Post Facto* Clause by cancelling a portion of Patterson's GCA credits, which increased the time Patterson was required to serve before he could be considered eligible for discretionary parole. |
| Claim Three | Patterson was denied due process of law by "an intentional extrinsic fraud being committed by court officers . . . through the presentation of false evidence - witness tampering - plan spoliation of criminal files - conflict of interest, all planned and carried out before trial began." (§ 2254 Pet. Attach 4 (capitalization and emphasis corrected).) |

By Memorandum Opinion and Order entered on May 27, 2011, the Court denied Patterson's § 2254 Petition. On June 20, 2011, the Court received Patterson's Motion for Reconsideration. Because the Motion to Reconsider was filed within twenty-eight days of the May 27, 2011

---

[1] "No Bill of Attainder or *ex post facto* Law shall be passed." U.S. Const. art. 1, § 9, cl. 3.

Memorandum Opinion and Order, the Court will consider it as a motion for relief under Federal Rule of Civil Procedure 59(e). *See Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Patterson fails to satisfy any of the above grounds for relief. Rather, Patterson's Motion to Reconsider is merely an improper attempt to relitigate matters already determined. *See Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, Patterson's Motion to Reconsider (Docket No. 32) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests that Patterson is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 7-5-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge